## INDUSTRIAL COMM v ARMACOST

Ohio Appeals, 2nd Dist, Montgomery Co

No 1251.   Decided Feb 14, 1934

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Attorney General, Columbus, and Calvin Crawford, Prosecuting Attorney, Dayton, for plaintiff in error.

Marshall & Harlan, Dayton, for defendant in error.

## OPINION

By BARNES, J.

It is the contention of counsel for the Industrial Commission that the eye affliction was in no sense an accident, but rather was an occupational disease and hence would not be compensable under the Workmen's Compensation Law. An eye affliction of this character is not listed as one of the occupational diseases for which compensation is allowed. Furthermore, on the question of claims for occupational disease, no appeal is allowed.

There are many occupational diseases for which compensation is not provided.

The Supreme Court of Ohio in the case of **Industrial Commission v Roth et, 98 Oh St, page 34,** in the first syllabus has defined occupational disease:

"A disease contracted in the natural and ordinary course of employment by a person engaged in a particular calling or occupation which disease from common experience is known to be a usual and customary incident to such calling or occupation is an 'occupational disease' and not within the contemplation of the Workmen's Compensation Law."

In the opinion by Judge Donahue, last paragraph, page 41, we find the following:

"We are therefore of the opinion that the term 'occupational disease' must be restricted to a disease that is not only incident to an occupation but the natural, usual and ordinary result thereof; and held not to include one occasioned by accident or misadventure."

Applying this test to the instant case we find no evidence indicating that the eye affliction of Mrs. Armacost can be held to be an occupational disease. It was not shown that it was a disease by common experience known to be a usual and customary incident of her employment in dress goods of the character handled in her department.

The fact that her eye affliction was probably caused from the continuous handling of these dress goods, and not from any unusual situation on any specific occasion, renders the determination of this case very difficult. We have much doubt, but

not sufficient to warrant us in overruling the determination and judgment of the court below.

The judgment will be affirmed at costs of plaintiff in error. Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.

## ON APPLICATION FOR REHEARING

Decided March 9, 1934

By THE COURT

The above entitled cause is now being determined on application of plaintiff in error for rehearing.

A memorandum of authorities accompanies the application.

While not mentioned in our original opinion, we would say that we examined the four Supreme Court cases cited and reported in 126 Oh St. We also examined many others in an effort to find definite authority on the subject.

We reiterate our comment as made in the original opinion that our determination was not free from doubt. The case of **Industrial Commission v Weimer, 124 Oh St, 50** is somewhat in point and we think supports our conclusions.

The application for rehearing will be overruled.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.